**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE:<br>O'Quita Deann Samuel, SSN# (xxx-xx-0058)<br>aka O'Quita D Samuel, O'Quita Samuel,<br><br><br><br><br>448 Deerwood Street, Apt 6-F<br>Columbia, SC 29205<br><br>_____**DEBTOR.**_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO:  **19-02813**<br>CHAPTER:  **13** |

**NOTICE OF OPPORTUNITY TO OBJECT**

The debtor(s) in the above captioned case filed a Chapter 13 plan on June 10, 2019. The plan is attached.

**Your rights may be affected by the plan.** You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Any objection to confirmation of the Chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, South Carolina 29201-2423 and served on the Chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the Chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

**If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.**

DATE____6/10/19_____                    /s/ Jason T Moss_____
                                          Signature of Attorney

                                          Jason T Moss, Esq._____
                                          Moss & Associates Attorneys, P.A.
                                          816 Elmwood Avenue
                                          Columbia, South Carolina 29201
                                          (803) 933-0202


                                          _7240_____
                                          District Court I.D. Number

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **O'Quita Deann Samuel** | ☐ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name  Middle Name  Last Name | |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | ☐ Pre-confirmation modification  ☐ Post-confirmation modification |
| Case number: (If known) | **19-02813** | |

District of South Carolina

# Chapter 13 Plan

5/19

## Part 1:  Notices

**To Debtor(s):**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☐ Included | ☑ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1**  The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$99.00** per **Month** for **58** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan.  The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| | | | | |
|---|---|---|---|---|
| Debtor | **O'Quita Deann Samuel** | | Case number | **19-02813** |

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- [✓] The debtor will make payments pursuant to a payroll deduction order.
- [ ] The debtor will make payments directly to the trustee.
- [ ] Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*
- [✓] The debtor will retain any income tax refunds received during the plan term.
- [ ] The debtor will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*
- [✓] **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3:  Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan.  However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

- [✓] **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2    Request for valuation of security and modification of undersecured claims.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3    Other secured claims excluded from 11 U.S.C.  § 506 and not otherwise addressed herein.**

*Check one.*
- [✓] **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4    Lien avoidance.**

*Check one.*
- [✓] **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5    Surrender of collateral.**

*Check one.*
- [✓] **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4:  Treatment of Fees and Priority Claims

Debtor    **O'Quita Deann Samuel**                                   Case number    **19-02813**

**4.1**    **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**    **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3**    **Attorney's fees.**

   a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

   b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐    **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

   a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

   b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

   c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   *Check one.*
   ☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

| Debtor | **O'Quita Deann Samuel** | Case number | **19-02813** |
|---|---|---|---|

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

- [✓] The debtor estimates payments of less than 100% of claims.
- [ ] The debtor proposes payment of 100% of claims.
- [ ] The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3   Other separately classified nonpriority unsecured claims.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6:  Executory Contracts and Unexpired Leases

**6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

- [ ] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
- [✓] **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| RYAN STUCKEY | DEBTORS RESIDENCE-448 DEERWOOD STREET, APT 6-F, COLUMBIA SC 29205 | $900.00 | $900.00 | $16.00 |

(or more)

Insert additional claims as needed.

### Part 7:  Vesting of Property of the Estate

**7.1   Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

- [✓] Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

- [ ] **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8:  Nonstandard Plan Provisions

**8.1   Check "None" or List Nonstandard Plan Provisions**
- [ ] **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

| Debtor | **O'Quita Deann Samuel** | Case number | **19-02813** |
|---|---|---|---|

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**NOTICE: The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of creditor's claim regardless of proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.**

**Statement in Support of Confirmation: Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.**

**8.1(a) Reservation of Rights: Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.**

**Part 9:  Signatures:**

**9.1  Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X  **/s/ O'Quita Deann Samuel**
   **O'Quita Deann Samuel**
   Signature of Debtor 1

X
   Signature of Debtor 2

Executed on  **June 10, 2019**

Executed on

X  **/s/ JASON T. MOSS**
   **JASON T. MOSS 7240**
   Signature of Attorney for debtor  DCID#

Date  **June 10, 2019**

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

## Consent for Payment Method of Post-Confirmation Payments to the Trustee

Case Number: 19-02813

Debtor 1 Name: O'Quila Samuel            Debtor 2 Name: _____

Debtor 1 Address:                         Debtor 2 Address:

448 Peerwood St. Apt 6-F
Columbia SC 29205

I/We hereby consent to:

[X]    **A Wage Order**, so that my payments due to the Chapter 13 Trustee ("Trustee") will be drafted from my/our paycheck and sent by my/our employer to Trustee. I/We understand that the wage order will direct the employer(s) to pay the Trustee, but that if the employer does not send the payment to the Trustee, even after taking them out of my/our pay, it is up to me/us to contact my/our employer to send in the payments.

This is the current address for the pay roll department of my/our employer(s). If this address ever changes, of if I/we change jobs, I/we will let you know where to reissue the wage order.

The wage order will be deducted from:

| Debtor 1 Name: | Name of employer and address of payroll department: | I want: [X] all / [ ] ½ of the trustee payment taken out of my pay—the rest will be taken out of my spouses' pay, below. If "all" selected, then do not fill in the below boxes. |
|---|---|---|
| O'Quila Samuel | US Dept of VA 6439 Garners Ferry Rd. Columbia SC 29209-1639 | |
| Debtor 2 Name: | Name of employer and address of payroll department: | I want: [ ] all / [ ] ½ of the trustee payment taken out of my pay—the rest will be taken out of my spouses' pay, above. |

[ ]    (*For cases assigned to Trustee Wyman only*) **Set up a TFS Bill Pay account**, so that my/our payments due to the Chapter 13 Trustee ("Trustee") will be drafted automatically from my/our bank account and sent directly to the Trustee by the program.

I/We also understand that it will continue to be my/our responsibility to make sure that the payments are sent to Trustee Wyman. I/We further understand that until the commencement of the wage order or payment deduction by TFS Bill Pay, we will need to send the payments to Trustee Wyman at the below payment address:

[Trustee Payment Address]

Signed: _/s/ O'Quita Samuel_____        _____
Debtor 1                                     Debtor 2

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF SOUTH CAROLINA**

| IN RE:<br><br>O'Quita Deann Samuel<br><br>DEBTOR(S) | CASE NO: 19-02813<br>CHAPTER: **13**<br><br>DEBTORS' STATEMENT<br>IN SUPPORT OF CONFIRMATION |
|---|---|

In connection with the plan dated June 10, 2019, the debtor(s) hereby state that they understand the following:

(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under the plan including the direct payments to creditors; and

(3) That debtor(s) may not agree to sell property, or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.

Date **June 10, 2019**　　　　　　　　　　By: **/s/ O'Quita Deann Samuel**
　　　　　　　　　　　　　　　　　　　　　　　Debtor

Date **June 10, 2019**　　　　　　　　　　By: 
　　　　　　　　　　　　　　　　　　　　　　　Joint Debtor